IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CASE NO. 18-61490-JWC |
| | ) | Chapter 7 |
| CARTER BROTHERS SECURITY, SERVICES, LLC | ) ) | |
| | ) | |
| Debtor, | ) | |
| _____ | ) | |
| | ) | |
| Robert Trauner, as Chapter 7 Trustee for the Estate of Carter Brothers Security Services, LLC, | ) ) ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| Nightingale Realty, LLC; and; The Nightingale Group, LLC; and Nightingale Properties, LLC; and NG One Hartsfield Centre, LLC; and John Does 1-10 | ) ) ) ) ) | ADVERSARY PROCEEDING NO. 20-06124 |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

### DEFENDANT NIGHTINGALE REALTY, LLC'S ANSWER TO TRUSTEE'S FIRST AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS

COMES NOW, Nightingale Realty, LLC, Defendant in the above-styled action, by and through its undersigned counsel, and hereby files this, its Answer and Affirmative Defenses to Trustee's First Amended Complaint to Avoid and Recover Transfers, respectfully showing this Court as follows:

FIRST DEFENSE

Plaintiff has failed to allege facts with sufficient specificity that, if proven, establish a prima facie case for recovery under 11 U.S.C. §§ 510, 548, 544, 554, and 550 and, by this failure, has failed to state a claim upon which relief may be granted.

SECOND DEFENSE

There is no basis in either law or fact for the imposition of attorney's fees with respect to the claims of the Trustee against this Defendant.

THIRD DEFENSE

To the extent the Debtor transferred any interest in property to or for the benefit of an alleged transferee during the Preference Period, such transfers were in payment of a debt incurred by the Debtor in the ordinary course of business or financial affairs of the Debtor and such transferee and either (i) made in the ordinary course of business or financial affairs of the Debtor and such transferee or (ii) made according to ordinary business terms. 11 U.S.C. § 547(c)(2).

FOURTH DEFENSE

The amounts alleged to be voidable and recoverable in Plaintiff's Complaint to Avoid and Recover Transfers are not recoverable pursuant to 11 U.S.C. § 550(B)(1).

FIFTH DEFENSE

To the extent an alleged transferee received the alleged transfers, such transfers were not made while the Debtor was insolvent.

SIXTH DEFENSE

Plaintiff's claims are barred by the doctrine of laches.

## SEVENTH DEFENSE

Plaintiff's claims are barred by the applicable statutes of limitations.

## EIGHTH DEFENSE

Defendant reserves the right to assert any affirmative defense available under the Bankruptcy Code, 11 U.S.C. § 101, et seq., or other applicable law, as may be discovered during the course of additional discovery and investigation.

## NINTH DEFENSE

Defendant incorporates its affirmative defenses set forth above in response to the specific allegations contained in Plaintiff's Complaint, and further specifically responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Paragraph 1 of the Complaint appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 1, and specifically denies that the Plaintiff is entitled to relief in any form whatsoever from Defendant.

2.

Paragraph 2 of the Complaint appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 2, and specifically denies that the Plaintiff is entitled to relief in any form whatsoever from Defendant.

3.

Paragraph 3 of the Complaint appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 3, and specifically denies that the Plaintiff is entitled to relief in any form whatsoever from Defendant.

4.

Paragraph 4 of the Complaint appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 4, and specifically denies that the Plaintiff is entitled to relief in any form whatsoever from Defendant.

5.

Defendant admits the allegations set forth in paragraph 5 of the Complaint.

6.

In response to Paragraph 6 of the Complaint, Defendant states that the record of the Court speaks for itself, and Defendant denies any allegation set forth in Paragraph 6 that is inconsistent therewith.

7.

Defendant admits to the specific portion of the allegations contained within Paragraph 7 of Plaintiff's First Amended Complaint that that it is a corporate entity registered with the Georgia Secretary of State at 1430 Broadway, Suite 1605, New York, NY 10018 as set forth in paragraph 7 of the Complaint. Defendant is, however, without

knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in Paragraph 7 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

8.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 8 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

9.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 9 of Plaintiff's Complaint and the subparagraphs contained therein; therefore, said allegations stand denied as a matter of law.

10.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 10 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

11.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 11 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

12.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 12 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

13.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 13 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

14.

Defendant admits to the specific portion of the allegations contained within Paragraph 14 of Plaintiff's Complaint that it did receive, in the ordinary course of business, certain rent payments in the total amount of $139,162.51, and that these aforesaid payments were subsequently forwarded to the appropriate Landlord, but all other allegations contained within Paragraph 14 of Plaintiff's Complaint are DENIED.

15.

Defendant reincorporates and repeats its responses to paragraphs 1 through 14 above as though set forth fully herein.

16.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 16 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

17.

The allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18.

The allegations contained in Paragraph 18 of Plaintiff's Complaint are denied.

19.

The allegations contained in Paragraph 19 of Plaintiff's Complaint are denied.

20.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 20 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

21.

Paragraph 21 of the Complaint appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 21, and specifically denies that the Plaintiff is entitled to relief in any form whatsoever from Defendant.

22.

Paragraph 22 of the Complaint appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies

the allegations set forth in Paragraph 22, and specifically denies that the Plaintiff is entitled to relief in any form whatsoever from Defendant.

23.

Defendant reincorporates and repeats its responses to paragraphs 1 through 22 above as though set forth fully herein. Further, Paragraph 23 of the Complaint appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 23, and specifically denies that the Plaintiff is entitled to relief in any form whatsoever from Defendant.

24.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 24 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

25.

The allegations contained in Paragraph 25 of Plaintiff's Complaint are denied.

26.

The allegations contained in Paragraph 26 of Plaintiff's Complaint are denied.

27.

The allegations contained in Paragraph 27 of Plaintiff's Complaint are denied.

28.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 28 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

29.

The allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30.

Defendant is without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in Paragraph 30 of Plaintiff's Complaint; therefore, said allegations stand denied as a matter of law.

31.

The allegations contained in Paragraph 31 of Plaintiff's Complaint are denied.

32.

Paragraph 32 of the Complaint appears to contain no allegation of fact to which a response by Defendant is required. To the extent a response is required, Defendant denies the allegations set forth in Paragraph 32, and specifically denies that the Plaintiff is entitled to relief in any form whatsoever from Defendant.

33.

Defendant reincorporates and repeats its responses to paragraphs 1 through 32 above as though set forth fully herein.

34.

The allegations contained in Paragraph 34 of Plaintiff's Complaint are denied.

35.

Responding to that last Paragraph of the Plaintiff's Complaint and all of the subparagraphs contained therein, Defendant denies that it is liable to Plaintiff in any amount whatsoever.

36.

Defendant denies each and every allegation of the Complaint not admitted or otherwise controverted or qualified and further denies that Plaintiff is entitled to any relief whatsoever from Defendant.

WHEREFORE, Defendant respectfully requests that:

(a)   Plaintiff's Complaint be dismissed with prejudice with all costs charged to Plaintiff; and

(b)   That a judgment be entered in favor of Defendant; and

(c) For attorney's fees to be proven in Court; and

(d) For such other and further relief as the Court may deem just and proper.

Respectfully submitted,

/s/John J. Wiles
John J. Wiles, Esq.
Georgia Bar No. 758698

/s/Caleb L. Swiney
Caleb L. Swiney, Esq.
Georgia Bar No. 482751

Wiles & Wiles, LLP
Attorneys for Nightingale Realty, LLC
800 Kennesaw Avenue, Suite 400
Marietta, Georgia  30060-7946
(770) 426-4619
(770) 426-4846 – Facsimile
N79\2 Answer to Amended Complaint - 3-7-22.docx

## CERTIFICATE OF SERVICE

This is to certify that I have this day electronically filed a true and correct copy of the within and foregoing DEFENDANT NIGHTINGALE REALTY, LLC'S ANSWER TO TRUSTEE'S FIRST AMENDED COMPLAINT TO AVOID AND RECOVER TRANSFERS with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to the following attorney of record and by e-mail to:

Macey Wilensky & Hennings
Attn. Todd E. Hennings
500 Interstate North Parkway
Suite 435
Atlanta, Georgia 30328
thennings@maceywilensky.com

This 14th day of March, 2022.

/s/Caleb L. Swiney
Caleb L. Swiney, Esq.
Georgia Bar No. 482751

Wiles & Wiles, LLP
800 Kennesaw Avenue, Suite 400
Marietta, Georgia  30060-7946
(770) 426-4619
(770) 426-4846 – Facsimile
N79\2 Answer to Trustee Complaint - FINAL.docx